Argued November 2, 1971, affirmed January 12, 1972

# WOOD, *Appellant, v.* MEYER, *Respondent.*

492 P2d 468

Cameron C. Thom, Coos Bay, argued the cause for appellant. With him on the brief were McInturff, Thom, Collver & Rossi, Coos Bay.

Paul D. Clayton, Eugene, argued the cause for respondent. With him on the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

DENECKE, J.

This is a guest passenger case in which the trial court granted defendant's motion for a judgment notwithstanding a verdict for the plaintiff. The sole question is whether there was any evidence from which a jury could reasonably find that the defendant's decedent was guilty of gross negligence.

Both parties' decedents were killed in the accident. The driver of the other car, Miss Jacks, remembers nothing of the accident itself. The evidence of gross negligence, if any, must come from the inferences to be drawn from the scene of the collision. The defendant did not offer any evidence.

The collision occurred in mid-October at 3:00 o'clock a.m. on the four-lane road between Coquille and Coos Bay. The deceased host driver had taken the deceased guest in his Corvette automobile to a party in Coquille and the collision happened when they were going west upon their return to Coos Bay. There was no evidence of drinking upon the part of either decedent. The night was very foggy. Miss Jacks was going east returning from Coos Bay to Coquille. She

was driving 30 miles per hour just before the accident and traveling on the right side of the highway with her lights on low beam. She has no recollection of seeing the other car.

The highway had two yellow lines dividing the east and west lanes and a white line dividing the two east- and west-bound lanes. The jury could have found the collision occurred in the outside eastbound lane, —the wrong side of the road for the host driver. This is where the debris was centered. Miss Jacks' car put down 42 feet of skid marks from where she apparently applied her brakes to the center of the debris. A gouge mark was found at the center of the debris and the pavement was scraped from the gouge back 21 feet eastward to where the host's Corvette came to rest. The Corvette left no skid marks. Debris was scattered over an area 100 feet in diameter.

After the impact, the two cars came to rest 17 feet apart. Miss Jacks' car was about abreast of the point of impact and a few feet to one side. According to photographs, the front half of the Corvette, particularly the left side, was almost totally demolished. The Oldsmobile driven by Miss Jacks appears to be damaged on the left side and the left front wheel was apparently knocked off.

■ *Williamson v. McKenna*, 223 Or 366, 354 P2d 56 (1960), remains the guidepost for guest cases. There must be evidence from which a jury can find that the host intentionally drove in a manner which was likely to cause serious harm; inadvertent conduct, without more, will not constitute gross negligence.

■ That the host was on the wrong side of the road is not sufficient. The absence of skid marks from the host's vehicle could give rise to several inferences,—

the host did not see Miss Jacks because he was not looking; the host did not realize he was approaching Miss Jacks on a collision course; or the host believed he had to swerve into Miss Jacks' lane to avoid some other danger. Unlike *Arrow Transportation Co. v. Northwest Grocery Co.,* 258 Or 363, 482 P2d 519 (1971), the evidence provides no clues to guide a juror in his or her choice of inferences or whether such conduct was the result of an intentional or an inadvertent act.

■ Speed is intentional conduct. If the jury could reasonably find that the host was driving at a speed which was so excessive under the foggy conditions that it amounted to conduct likely to produce serious harm, the host's liability is a jury question.

■ Plaintiff contends the violence of the collision as evidenced by the wide area in which the debris was thrown and the condition of the vehicles is evidence from which a jury could decide the host was driving at an excessive speed. The extent of damage, skid marks and position of the vehicles are relevant upon the issue of speed. *State v. Betts,* 235 Or 127, 134, 384 P2d 198, 7 ALR3d 1445 (1963). We have held, however, that evidence at least as informative as that in this case, alone, will not support allegations of negligent speed, let alone grossly negligent speed. *Cameron v. Goree,* 182 Or 581, 600-606, 189 P2d 596 (1948); *Francis v. Burns,* 255 Or 156, 158-161, 458 P2d 934 (1970).

In the instant case we also conclude that the physical evidence at the scene of the collision is not sufficient of itself, and that is all there is, to permit the jury to find that the host was driving at a grossly negligent speed.

Affirmed.